AF Approval _____       Chief Approval _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                           CASE NO. 8:18-cr-234-T-35MAP

ALLAN BURT GUINTO,
a/k/a "Big Beefy"

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of

Florida, and the defendant, Allan Burt Guinto, and the attorney for the

defendant, Benjamin Stechschulte, mutually agree as follows:

**A.     Particularized Terms**

1.     Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One, Two,

and Eight of the Indictment.  Count One charges the defendant with

conspiracy to commit murder in aid of racketeering activity, in violation of 18

U.S.C. § 1959(a)(5).  Count Two charges the defendant with murder in aid of

racketeering activity, in violation of 18 U.S.C. §§ 1959(a)(1) and 2.  Count

Eight charges the defendant with accessory after the fact, in violation of 18

U.S.C. § 3.

Defendant's Initials  AG

2.   <u>Maximum Penalties</u>

Count One carries a maximum sentence of 10 years' imprisonment, a fine not to exceed $250,000, a term of supervised release of not more than 5 years, and a special assessment of $100 per felony count for individuals.  Count Two carries a maximum term of Life imprisonment, a fine not to exceed $250,000, a term of supervised release of not more than 5 years, and a special assessment of $100 per felony count for individuals.  Count Eight carries a maximum sentence of 10 years' imprisonment, a fine not to exceed $125,000, a term of supervised release of not more than 3 years, and a special assessment of $100 per felony count for individuals.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.   <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Counts One are:

First:      The existence of an enterprise, that is, the 69'ers Motorcycle Club;

Second:   The enterprise engaged, or its activities affected, interstate

Defendant's Initials AG

2

or foreign commerce;

**Third:**      The enterprise, through its members and associates, engaged in racketeering activity;

**Fourth:**     The defendant committed a crime of violence, namely conspiracy to murder; and

**Fifth:**      The crime of violence was committed for the purpose of gaining entrance to or maintaining or increasing position in the enterprise.

The elements of Count Two are:

**First:**      The existence of an enterprise, that is, the 69'ers Motorcycle Club;

**Second:**    The enterprise engaged, or its activities affected, interstate or foreign commerce;

**Third:**      The enterprise, through its members and associates, engaged in racketeering activity;

**Fourth:**     The defendant committed a crime of violence, namely murder; and

**Fifth:**      The crime of violence was committed for the purpose of gaining entrance to or maintaining or increasing position in the enterprise.

The elements of Count Eight are:

**First:**      The defendant receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment; and

**Second:**    knowing that an offense against the United States has been committed.

Defendant's Initials _AG_

3

4.      Counts Dismissed

At the time of sentencing, the remaining count(s) against the defendant, Counts Three and Four, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.      No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.      Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant

Defendant's Initials _AG_

4

will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the

Defendant's Initials _AJ_

5

Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to

Defendant's Initials _AG_

6

sentencing, the government agrees to consider whether such cooperation

qualifies as "substantial assistance" in accordance with the policy of the United

States Attorney for the Middle District of Florida, warranting the filing of a

motion for a reduction of sentence within one year of the imposition of

sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant

understands that the determination as to whether "substantial assistance" has

been provided or what type of motion related thereto will be filed, if any, rests

solely with the United States Attorney for the Middle District of Florida, and

the defendant agrees that defendant cannot and will not challenge that

determination, whether by appeal, collateral attack, or otherwise.

9.     Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no

self-incriminating information which the defendant may provide during the

course of defendant's cooperation and pursuant to this agreement shall be used

in determining the applicable sentencing guideline range, subject to the

restrictions and limitations set forth in USSG §1B1.8(b).

10.    Cooperation - Responsibilities of Parties

a.     The government will make known to the Court and other

relevant authorities the nature and extent of defendant's cooperation and any

other mitigating circumstances indicative of the defendant's rehabilitative

Defendant's Initials _AG_

7

intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

   b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

   (1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

   (2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges

Defendant's Initials _AG_

now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books,

Defendant's Initials _AG_

9

papers, documents, and objects that the defendant has furnished in the course
of the defendant's cooperation with the government.

        (5)      The defendant will not be permitted to withdraw the
guilty pleas to those counts to which defendant hereby agrees to plead in the
instant case but, in that event, defendant will be entitled to the sentencing
limitations, if any, set forth in this plea agreement, with regard to those counts
to which the defendant has pled; or in the alternative, at the option of the
United States, the United States may move the Court to declare this entire
plea agreement null and void.

**B.**      **Standard Terms and Conditions**

      1.      Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition
to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution
to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses
described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant
to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. §
3663, including restitution as to all counts charged, whether or not the
defendant enters a plea of guilty to such counts, and whether or not such
counts are dismissed pursuant to this agreement.  The defendant further
understands that compliance with any restitution payment plan imposed by

Defendant's Initials $AG$

the Court in no way precludes the United States from simultaneously pursuing

other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),

including, but not limited to, garnishment and execution, pursuant to the

Mandatory Victims Restitution Act, in order to ensure that the defendant's

restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court

shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special

assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no

limitation as to fine.

2.     Supervised Release

The defendant understands that the offense(s) to which the

defendant is pleading provide(s) for imposition of a term of supervised release

upon release from imprisonment, and that, if the defendant should violate the

conditions of release, the defendant would be subject to a further term of

imprisonment.

3.     Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon

conviction, a defendant who is not a United States citizen may be removed

Defendant's Initials _AG_

11

from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including

Defendant's Initials  _A_G_

12

those held by a spouse, dependent, nominee or other third party.  The

defendant further agrees to execute any documents requested by the United

States needed to obtain from any third parties any records of assets owned by

the defendant, directly or through a nominee, and, by the execution of this

Plea Agreement, consents to the release of the defendant's tax returns for the

previous five years.  The defendant similarly agrees and authorizes the United

States Attorney's Office to provide to, and obtain from, the United States

Probation Office, the financial affidavit, any of the defendant's federal, state,

and local tax returns, bank records and any other financial information

concerning the defendant, for the purpose of making any recommendations to

the Court and for collecting any assessments, fines, restitution, or forfeiture

ordered by the Court.  The defendant expressly authorizes the United States

Attorney's Office to obtain current credit reports in order to evaluate the

defendant's ability to satisfy any financial obligation imposed by the Court.

    6.    <u>Sentencing Recommendations</u>

       It is understood by the parties that the Court is neither a party to

nor bound by this agreement.  The Court may accept or reject the agreement,

or defer a decision until it has had an opportunity to consider the presentence

report prepared by the United States Probation Office.  The defendant

understands and acknowledges that, although the parties are permitted to

Defendant's Initials  AG

13

make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c)

Defendant's Initials _AG_

14

the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other

Defendant's Initials _AJ_

than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are

Defendant's Initials _AG_

felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

The 69'ers Motorcycle Club ("the 69'ers") was a nationwide motorcycle club. The 69'ers were an "enterprise," as defined in 18 U.S.C. § 1959(b)(2). The oldest chapter in the country was established in Brooklyn, New York in 1967. In addition to the Brooklyn Chapter, the 69'ers had several chapters in the State of New York, including Staten Island, Queens, Troy, and Sullivan County. The club also had chapters in other states, including New Jersey, Pennsylvania, North Carolina, Florida, and Puerto Rico. At all relevant times, the defendant, Allan Guinto, and his codefendants, Christopher Cosimano, Michael Mencher, Erick Robinson, and Cody Wesling were members or prospective members of the Hillsborough County Chapter of the 69'ers, also known as the "Killlsborough" Chapter.

Defendant's Initials _AG_

17

The Killsborough Chapter, through its members and associates, was engaged in interstate narcotics distribution. Specifically, the 69'ers transported heroin, cocaine, and marijuana into the State of Florida for redistribution by fellow club members. Additionally, the 69'ers were responsible for the sale of heroin, cocaine, methamphetamine, and marijuana in the Middle District of Florida.

The Killsborough Chapter, through its members and associates, was also engaged in acts of violence. The relationship between the 69'ers and the Outlaws Motorcycle Club ("the Outlaws") was initially cordial in the State of Florida, but turned hostile and violent in 2017. On April 18, 2017, a group of Outlaws attacked Guinto and another member of the 69'ers and stole their leather vests. As a result, the Killsborough Chapter president, Cosimano, vowed to take the lives of two Outlaws as retribution for the two stolen vests.

James Costa was the president of the St. Petersburg Chapter of the Outlaws. On July 25, 2017, Cosimano followed Costa's motorcycle for several miles before shooting Costa several times with a handgun. Cosimano committed this act to maintain and increase his position in the 69'ers. Cosimano informed Guinto of the shooting immediately after it occurred. Guinto then escorted Cosimano home and disposed of the handgun used in

Defendant's Initials _AG_

18

the shooting. Guinto committed these acts to hinder Cosimano's apprehension, trial, and punishment by law enforcement.

Paul Anderson was the president of the Cross Bayou Chapter of the Outlaws. On December 21, 2017, Cosimano learned of Anderson's whereabouts. Cosimano met with Mencher, Guinto, Robinson, and Wesling at the Killsborough Chapter clubhouse. All five defendants then agreed to follow Anderson and left the clubhouse. Cosimano and Mencher were armed with pistols and drove motorcycles. Guinto and Robinson drove in Guinto's Dodge Charger, and Wesling drove his Ford Fusion. Guinto, Robinson, and Wesling's role was to follow Anderson and relay his location to the would-be assassins, Cosimano and Mencher. Guinto, Robinson, and Wesling followed Anderson for several minutes, passing along Anderson's location to Cosimano and Mencher.

Anderson stopped at a traffic signal in the area of State Road 54 and State Road 589 in Lutz, Florida. Cosimano and Mencher stopped their motorcycles alongside of Anderson's vehicle. Cosimano then shot Anderson several times, causing his death. At the time of the shooting, Wesling was parked directly behind Anderson's vehicle and Guinto and Robinson were parked approximately three car lengths away from Anderson's vehicle. Each

Defendant's Initials _AG_

of the defendants committed this act to maintain and increase their position in the 69'ers.

After the murder, Guinto and Robinson agreed to dispose of the firearm used to murder Anderson. Additionally, Robinson altered the appearance of the motorcycles operated by Cosimano and Mencher during the homicide.

Robinson committed these acts to hinder Cosimano, Mencher, Guinto, and Wesling's apprehension, trial, and punishment by law enforcement.

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case and does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

12.  Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials AG

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __7__ day of ~~DECEM~~ JANUARY, 201~~8~~9

MARIA CHAPA LOPEZ
United States Attorney

_____                    _____
Allan Burt Guinto                            Carlton C. Gammons
Defendant                                    Assistant United States Attorney

_____                    _____
Benjamin Stechschulte                        Christopher F. Murray
Attorney for Defendant                       Assistant United States Attorney
                                             Chief, Violent Crimes and
                                             Narcotics Section