# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

## CLERK'S MINUTES

| | |
|---|---|
| **CASE NO.** 8:18-cr-234-T-35SPF | **DATE:** September 17, 2019 |
| **HONORABLE MARY S. SCRIVEN** | **INTERPRETER:** N/A |
| | **LANGUAGE:** |
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ALLAN BURT GUINTO** (Custody) | **GOVERNMENT'S COUNSEL:**<br>Carlton C. Gammons, AUSA and Natalie H. Adams, AUSA with Case Agent Austin Blake Childress |
| | **DEFENDANT'S COUNSEL:** Benjamin Stechschulte (Ret,) |
| **COURT REPORTER:** David Collier | **PROBATION OFFICER:** Stephen R. Edwards |
| **TIME:** 10:38 A.M. – 10:47 A.M. &<br>  10:53 A.M. – 12:01 P.M. | **TOTAL:** 1 Hour, 17 Minutes |
| **DEPUTY CLERK:** Charmaine A. Black | **COURTROOM:** 7A |

**PROCEEDINGS:  CRIMINAL MINUTES – SENTENCING REFORM ACT MINUTES**

Court in session.

Counsel identified for the record.

The defendant's family and friends are present in the courtroom.

The defendant is sworn.

The defendant pled guilty to Counts One, Two and Eight of the Second Superseding Indictment.

The guilty plea has been accepted and the Court has adjudged the defendant guilty of those offenses.

There are no objections to the factual or legal accuracy of the PSR or the guideline calculations.

A Motion by the United States for Downward Departure of Defendant's Sentence Based Upon Substantial Assistance (Dkts. 407, 412), wherein the Government requests a 6-level downward departure, has been filed.

Government's counsel addresses the Court.

Case Agent **Austin Childress** is sworn and testifies.

The Court questions the witness.

~10:47 A.M. – 10:53 A.M. Sealed Proceedings~

Courtroom is reopened.

Defense counsel addresses the Court and requests a 10-level reduction.

Government's counsel responds.

Defense counsel addresses the Court and requests to call character witnesses on behalf of the defendant.

Defendant's witness, **Stephanie Ferrara**, is called to the stand, sworn and testifies.

No cross examination by the Government.

The Court questions the witness. Witness is excused.

Defendant's witness, **Kristina Rainey**, is called to the stand, sworn and testifies.

The Court questions the witness.

The witness submits a letter to the Court for review.

No cross examination. Witness is excused.

Defendant's witness, **Allison Shenofsky**, is called to the stand, sworn and testifies.

No cross examination. Witness is excused.

Defendant's fiancé, **Andrea King**, is called to the stand, sworn and testifies.

The Court questions the witness.

No cross examination. Witness is excused.

Defendant's mother, **Grace Guinto**, is called to the stand, sworn and testifies.

The Court questions the witness.

No cross examination. Witness is excused.

The defendant addresses the Court.

The Court questions the defendant.

Government's counsel addresses the Court.

For the reasons articulated on the record, the Motion by the United States for Downward Departure of Defendant's Sentence Based Upon Substantial Assistance (Dkts. 407, 412) is Granted. The Court departs downward 6 levels as requested.

For the reasons set forth on the record, the Court varies from the guideline range and sentences the defendant as follows:

> Imprisonment: 144 months. This consists of a 10-year term as to Counts One and Eight, and a 144-month term as to Count Two, all such terms to run concurrently.
>
> Supervised Release: 5 years [60 months]. This consists of a 3-year term as to Counts One and Eight, and a 5-year term as to Count Two, all such terms to run concurrently.
>
> Mandatory and standard terms and conditions apply.
>
> Special conditions:

- The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

- The defendant is prohibited from having contact with members of motorcycle gangs or street gangs.

- The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

- The defendant must refrain from any unlawful use of controlled substance. The defendant must submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter as directed by the probation officer. The defendant must submit to random drug testing not to exceed 104 tests per year.

> Fine is waived.
>
> Special Assessment: $300.00 to be paid immediately.

Counts Three and Four of the Second Superseding Indictment, as well as the underlying Indictments as to this defendant, are dismissed on the motion of the United States.

Court's recommendations to the Bureau of Prisons:

- Designation at a facility in close proximity to the defendant's family in Washington or Nevada, as is practicable;

- The defendant shall receive credit for all time served since the date of his arrest in this case;

- The defendant shall be given access to any vocational or educational training that is available in the Bureau of Prisons facility to which he is committed, including barbering, if that is an available option; and

- If eligible, the defendant shall be allowed to participate in the 500-Hour Residential Drug Abuse Treatment Program (RDAP).

The defendant is remanded to the custody of the United States Marshal.

The defendant is advised of his right to appeal and to counsel on appeal.

**GUIDELINE RANGE DETERMINED BY THE COURT AT SENTENCING:**

| | |
|---|---|
| Total Offense Level | 40 |
| Criminal History Category: | I |
| Imprisonment Range | Life |
| Supervised Release Range | 1 year-3 years (Cts. 1 and 8), 2 years-5 years (Ct. 2) |
| Restitution: | N/A |
| Fine Range | $50,000 - $500,000 |
| Special Assessment | $300.00 |